FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2026

SEAN F. McAVOY, CLERK



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD N.,[1]

                    Plaintiff,

       v.

FRANK BISIGNANO,
Commissioner of Social Security,

                  Defendant.

No.   1:26-cv-3014-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR BENEFITS**

Plaintiff Richard N. and the Commissioner of Social Security agree that the Administrative Law Judge's (ALJ) denial of disability benefits should be remanded based on consequential errors, but they

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." See LCivR 5.2(c).

DISPOSITIVE ORDER - 1

disagree as to whether the decision should be remanded for further proceedings or for an award of benefits. Remanding for an award of benefits is appropriate because when the limitations in the ALJ-found-persuasive opinions are credited, Plaintiff is unable to sustain full-time employment.

## I.    Background

On September 22, 2021, Plaintiff filed for Title 16 benefits, claiming that he was unable to sustain full-time work because of physical and mental impairments.[2] Plaintiff appeared for a telephone hearing before ALJ Deborah van Vleck in March 2025, at which Plaintiff and a vocational expert testified.[3]

After the hearing, the ALJ issued a decision finding Plaintiff disabled once he turned 55 years old on September 23, 2023, but not for

---

[2] Administrative Record (AR) 254–59. Because the application filing date starts the relevant period for Title 16 claims, the ALJ appropriately considered whether Plaintiff was disabled beginning September 22, 2021. *See* 20 C.F.R. § 416.335.

[3] AR 76–104.

DISPOSITIVE ORDER - 2

the period from September 22, 2021, to September 22, 2023.[4] As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff had not engaged in substantial gainful activity since his application on September 22, 2021.

- Step two: Since his application, Plaintiff had the medically determinable severe impairments of noncompaction cardiomyopathy; bilateral L5-S1 facet arthrosis; obstructive sleep apnea; a mental impairment diagnosed to include major depressive disorder with anxious distress, post-traumatic stress disorder, level one autism spectrum disorder, speech sound disorder, other specified personality disorder (rule-out); and alcohol use disorder in sustained remission.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform light work except:

---

[4] AR 14–41. Per 20 C.F.R. § 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

DISPOSITIVE ORDER - 3

> He can frequently balance, stoop, kneel, crouch, and climb ramps, stairs, ladders, ropes, and scaffolds, but can never crawl. He can never work in environments that require concentrated exposure to unprotected heights, moving mechanical parts, humidity, wetness, extreme heat, and to pulmonary irritants such as dust, odors, and fumes. The claimant can perform simple, routine tasks; and can make simple work-related decisions. He can frequently interact with supervisors and occasionally interact with co-workers but can rarely interact with the public.

- Step four: Plaintiff had no past relevant work.

- Step five: Prior to September 23, 2023, considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as routing clerk, marking clerk, and production assembler. Thereafter, given Plaintiff's advanced age and RFC, he was disabled.[5]

After the Appeals Council denied review,[6] Plaintiff appealed to district court.[7]

---

[5] AR 17–33.

[6] AR 1–13.

[7] ECF No. 1.

DISPOSITIVE ORDER - 4

## II.    Standard of Review

When considering the ALJ's findings, the court is constrained to the reasons and supporting explanation offered by the ALJ.[8] The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[9] and such error impacted the nondisability determination.[10] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11]

---

[8] *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

[9] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[10] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[11] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a

DISPOSITIVE ORDER - 5

## III.  Analysis

The court may remand for an award of benefits, rather than for more proceedings, where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand . . . .[12]

Even when these three factors are satisfied, the decision whether to remand for benefits or further proceedings is still within the court's discretion to ensure that the evaluation of the entire record does not

---

whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

[12] *Ortiz v. Bisignano*, --- F.4th ----, No. 24-5407, 2025 WL 4947035, at *11 (9th Cir. June 24, 2026) (citation modified).

DISPOSITIVE ORDER - 6

create "serious doubt that a claimant is disabled."[13] The court retains this flexibility because the remand-determination "is a fact-bound determination that arises in an infinite variety of contexts."[14]

Here, each of the factors to remand for an award of benefits is met. Beginning with the undisputed second factor, the parties agree that the ALJ erred by failing to evaluate the 2018 and 2021 opinions from Thomas Genthe, PhD,[15] and the Commissioner did not dispute several of Plaintiff's other raised arguments, including that the ALJ failed to fully incorporate into the RFC the opinions from Dr. Genthe

---

[13] *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

[14] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citation modified).

[15] The ALJ's failure to evaluate these medical opinions was error. *See* 20 C.F.R. § 416.920c(b) (directing an ALJ to articulate how persuasive she finds each of the medical opinions); *Woods v. Kijakazi*, 32 F.4th 785, 788–92 (9th Cir. 2022).

DISPOSITIVE ORDER - 7

and ARNP Lisa See in 2023 and failed to evaluate the opinion from David Mashburn, PhD.[16]

The Commissioner does dispute the first factor, contending that the ALJ must resolve conflicts in the record, primarily whether Plaintiff's intermittent symptoms, improvement with treatment, and ability to perform daily activities conflict with his symptom reports and the medical opinions. On this record, this argument is not persuasive.

The over 2000-page record is complete for the at-issue period from 2021–23, and no further administrative proceedings are needed because the ALJ found that Dr. Genthe's and ARNP See's opinions during the at-issue period are "persuasive."[17] In addition to Dr. Genthe's consultative psychological evaluation and ARNP See's consultative physical evaluation during the at-issue period and

---

[16] *See Obrien v. Bisignano*, 142 F.4th 687, 694 n.6 (9th Cir. 2025) (noting that a party's failure to respond to the opponent's argument in a brief may be construed as an abandonment of certain arguments or claims).

[17] AR 27–29.

DISPOSITIVE ORDER - 8

numerous treatment records,[18] the record contains prior consultative psychological evaluations from Dr. Genthe in June 2018 and May 2021, and an April 2020 consultative psychological evaluation from Dr. Mashburn, which found that Plaintiff would have marked difficulties completing a workday and workweek.[19] In addition, shortly after the relevant period, there is a Mental Source Statement from LaRee Born, MS, who opined that Plaintiff would have difficulties maintaining attention and concentration for extended periods and completing a normal workday and workweek,[20] and a Medical Report from treating provider William Phillips, PA-C, who opined that Plaintiff's fatigue would impact his ability to perform fulltime work, namely that he would miss four or more days of work per month.[21] Each of these opinions are largely consistent with each other in that

---

[18] *See, e.g.*, AR 830–36, 840–46.

[19] AR 1512–39.

[20] AR 961–65.

[21] AR 966–69.

DISPOSITIVE ORDER - 9

they agree that Plaintiff would have difficulty sustaining fulltime work, either due to difficulties staying on task or attending work.

Although the state agency medical consultants and psychological consultants, who reviewed the record available at the time of their review, opined that Plaintiff was not as limited as the treating and examining sources opined, the ALJ found the state agency medical consultants' opinions and the initial state agency psychological consultants' opinion either not persuasive or only somewhat persuasive because they should have included more limitations.[22] The ALJ did find the opinion of the state agency psychological consultant on reconsideration persuasive; however, this psychological consultant did not discuss what impact Plaintiff's fatigue had on his ability to work, instead focusing on the signs/symptoms of depression and anxiety.[23]

Thus, on this record, which includes a finding by the ALJ that the 2023 opinions from Dr. Genthe and ARNP See are "persuasive," remand for further proceedings serves no useful purpose. Moreover,

---

[22] AR 28–30.

[23] AR 30, 145–54.

DISPOSITIVE ORDER - 10

crediting these "persuasive" opinions results in a finding of disability.

For instance, Dr. Genthe wrote:

> Despite having taken prescribed medication for some time, his current regimen does not appear to be adequately targeting interfering symptoms, which are likely to interfere with his ability to sustain employment. . . . From a psychological perspective, [Plaintiff's] prognosis is viewed as guarded. At this time, he is unlikely to function adequately, and/or consistently in a work setting until his psychological symptoms have been managed more effectively.[24]

In addition, Dr. Genthe, who observed Plaintiff with poor eye contact, a flat affect, and difficulty following the conversation, opined that Plaintiff "is likely able to maintain attention and concentration for brief periods of time, but unlikely for extended periods of time."[25] Per Program Operations Manual System (POMS) DI 25010.010, "the ability to maintain concentration and attention for extended periods (i.e., the approximately 2-hour segments between arrival and first break, lunch, second break, and departure)" is a mental ability

---

[24] AR 845.

[25] AR 843–45.

DISPOSITIVE ORDER - 11

required for any job.[26] Likewise, the vocational expert testified that an individual who is only producing at 80% or is missing more than one day of work per month on a regular basis will be unable to sustain fulltime work. Therefore, fully crediting Dr. Genthe's 2023 opinion results in a finding of disability.[27]

Likewise, fully crediting ARNP See's "persuasive" opinion results in a finding of disability. ARNP See opined that, due to his chronic moderate to severe fatigue, Plaintiff's maximum standing and walking capacity was two hours, i.e., a sedentary work capacity.[28] Consistent with ARNP See's observation of and limitations for Plaintiff's fatigue, Plaintiff routinely sought treatment for his fatigue and was observed

---

[26] While the POMS is not binding on this Court or the ALJ, it serves as guidance, and the vocational expert's testimony confirms that maintaining concentration and attention for extended periods is required in the workforce. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

[27] AR 102–03.

[28] AR 830–34. *See* 20 C.F.R. § 416.967 (defining sedentary work).

DISPOSITIVE ORDER - 12

on many occasions as fatigued, with slow speech and body movements, and with closed eyes.[29] The ALJ said she found ARNP See's opinion

---

[29] *See, e.g.*, AR 656 (Sept. 2021: "has slow speech patterns with a stutter . . . movements were slightly restless"); AR 731, 733, 739, 813 (March, April, Aug, and Oct. 2022: "speaks slowly"); AR 312 (July 2022: observing difficulty with memory recall and delayed speech); AR 1345 (Oct. 2022: "Client was visibly tired in session as evidenced by his frequent yawning, closing his eyes for extended periods at a time and taking longer to answer questions."); AR 1357 (Nov. 2022: "Client stuttered throughout session and he moved slowly. Client closed his eyes for long periods of time in session and appeared to be falling asleep, but he verbally responded to questions despite his eyes being closed."); AR 898 (Nov. 2022: "Speech and body movements were slow. Client seemed fatigued in session, as evidenced by him closing his eyes for an extended period of time. . . ."); AR 901 (Dec. 2022: "Presentation was fatigued, which is congruent with the client's report of lack of quality of sleep."); AR 905 (Dec. 2022: "Client was visibly fatigued in session which is congruent with report of poor sleep."); AR 342 (Aug.

DISPOSITIVE ORDER - 13

persuasive and that Plaintiff's muscle weakness and fatigue, resulting from his obstructive sleep apnea and noncompaction cardiomyopathy, necessitated "limitations on exertion, hazards, and task complexity."[30] Yet, the ALJ mistakenly stated that ARNP See "indicated that the claimant was limited to work at the *light exertional level*" with some postural limitations,[31] and consistent with that erroneous light-work statement, the ALJ crafted a modified light-work RFC rather than a

---

2023: observed with very slow, delayed speech, and with difficulty recalling details of recent medical history); AR 1036 (Aug. 2023: shuffling gait and diminished upper and lower strength). *See also* AR 388, 459, 465–68, 523, 659, 661, 899, 907, 992, 1121, 1247, 1249, 1361, 1377.

[30] AR 26. *See also* AR 1724 (noting that Plaintiff's noncompaction LV cardiomyopathy was confirmed in October 2021 via MRI and that this condition increases the risk of cardioembolic events).

[31] AR 27 (emphasis added).

DISPOSITIVE ORDER - 14

sedentary RFC.[32] Such was error. If ARNP See's opinion is "persuasive" as the ALJ so found, the ALJ is required to find Plaintiff disabled given his closely-approaching-advanced-age category, per Appendix 2, Medical-Vocational Guidelines, Rule 201.12.

On this record, there is no need for the ALJ to re-evaluate ARNP See's or Dr. Genthe's 2023 opinions. When these opinions are credited, they result in a finding of disability. Moreover, given Plaintiff's age and fatigue and weakness resulting from his obstructive sleep apnea and noncompaction cardiomyopathy, there is not any serious doubt that Plaintiff is disabled. Allowing the ALJ to re-evaluate the medical opinions would allow the ALJ "a mulligan."[33] Because "a rehearing would simply delay receipt of benefits,"[34] remand for payment of benefits is directed.

---

[32] AR 23. *See* 20 C.F.R. § 416.967 (defining light work and sedentary work); Soc. Sec. Rlg. 83-10: Titles II and XVI: Determining Capability to do Other Work – The Medical-Vocational Rules of Appendix 2.

[33] *Garrison*, 759 F.3d at 1021.

[34] *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

DISPOSITIVE ORDER - 15

## IV.    Conclusion

Remand for an award of benefits is appropriate. Based on the credited evidence, there is no reason to doubt that Plaintiff is disabled. There is no useful purpose in remanding for further proceedings.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of benefits** for the disability period of <u>September 22, 2021, to September 22, 2023</u>.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 6 and 8**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 20th day of July 2026.

_____
EDWARD F. SHEA
Senior United States District Judge

DISPOSITIVE ORDER - 16